

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2002

# Aland v. Pgh Bd Pub Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-3562

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Aland v. Pgh Bd Pub Ed" (2002). *2002 Decisions.* Paper 301.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/301

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 00-3562


MS. KRISTEN N. ALAND; MS. SANDRA L. BIANCULLI MILLER;
RANDY CELLAR; MR. DONALD M. GUERRIERI;
MS. AMY E. HOECHSTETTER; FELIX LEWIS;
MR. KEITH A. MILLER; RICHARD MUESER;
MR. JOSEPH M. NOVOTNY; MRS. GERALDYNE O'KANE;
MR. JOHN J. PILOT; MR. DANIEL T. SHANER;
DANIEL SHARER; THEON WADE; JOANN M. WADE;
MR. ROLAND S. WILDER; JEFF ZABLOW;
THOMAS J. STOKES; GLENN G. REIS;
KATHLEEN M. MUEHLBAUER; PAUL J. SABELLA;
ROBERT A. GRIMM; STUART M. CAPLAN; LISA J. WILSON;
ANDREW J. MCCANN; ALVIN B. GIPSON; RONALD R. GMITTER;
JAMES H. YODER; DAVID COVATO; KEVIN J. O'TOOLE;
BENJAMIN J. DESURE; MICHELLE A. BROSKOVICH;
RONALD DAVIS, SR.; NICHOLAS C. EVANISH; CHRISTINE KROPCHO;
ROBERT V. ALLISON; SETH M. CARPENTER; RAE-ANN L. BROWN;
LISA M. ANATAROW; RANDY R. ROBINSON; CARL H. CHRIST, JR.;
PAUL J. FANTASKE, JR.; PAUL R. HOPPE; SCOTT R. CRUSH;
PETER RIVERS; LOUIS V. LUCARELLI; GEORGE M. ROBERTS;
CARL R. WISE; SAM A. SOLOMON; TIMOTHY J. SULLIVAN, JR.;
LAUREN O. RHODEN; DAVID V. GUSSIE; JANET S. WILSON-CARTER;
ROBERT L. KNOX; PAUL J. PRUCHNIC; DANIEL MEDGAUS;
DAVID E. VACHON; FREDERICK L. HEGEMAN; GREGORY S. SCHMOTZER;
ALBERT J. GAIARDO; RICHARD D. LUCE, JR.; RICHARD T. SLEBONICK;
ROBERT P. BISHOFF, on behalf of himself and all other veterans
similarly situated

v.

PITTSBURGH BOARD OF PUBLIC EDUCATION;
SCHOOL DISTRICT OF THE CITY OF PITTSBURGH;
PHYLIS B. BIANCULLI; ELIZABETH T. HEALY;
ALEX MATTHEWS; VALERIE A. MCDONALD; EVELYN B. NEISER;
MAGGIE SCHMIDT; RONALD L. SUBER; JANET O. WILSON;
JEAN E. WOOD, individually


Timothy Sullivan; Kristen Aland;
Michelle Broskovich; *Robert Collasius;
David Covato; *Max Haller; Frederick Hegeman;
*Christopher Konway; Robert Knox;
*Raymond Litra; *Richard Luce; Daniel Medgaus;

Keith Miller; Kevin O'Toole; *Lawrence Pearson;
*Laura Reich; Glenn Reis; Peter Rivers;
Thomas Stokes; David Vachon; Janet Wilson-Carter;
Carl Wise,


* (Pursuant to F.R.A.P. 12(a))

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 94-cv-00836)
District Judge: Honorable Donetta W. Ambrose


Submitted Under Third Circuit LAR 34.1(a)
February 28, 2002

Before: ROTH and FUENTES, Circuit Judges
KATZ*, Circuit Judge


(Opinion filed: May 24, 2002)

* Honorable Marvin Katz, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.

OPINION


ROTH, Circuit Judge:

This is an appeal from a September 30, 1999, District Court decision which
granted summary judgment in favor of the defendants, the Pittsburgh Board of Public
Education, et. al. Appellants are members of a class of veterans who are pursuing a civil
rights action under 42 U.S.C. 1983. The veterans allege that the Board failed to provide
them with a proper hiring preference under the Veteran's Preference Act, 51 Pa. Cons.
Stat. Ann. 7103, 7104. At the time of the trial, the District Court dismissed the claims
of those veterans who had failed to demonstrate that they were "available" for hiring. On
November 18, 1998, we affirmed a large part of the final judgment in the District Court
but we reversed the dismissal of the "unavailable" veterans and remanded the case
because we found that the District Court had erred when it did not place the burden of
proof on the Board to show that the veterans were, in fact, unavailable to be hired.

On remand, the veterans asserted that all claims, both those that were dismissed
and those tried to the jury, were included in our remand. As such, the veterans contended
that a new trial was mandated for all claims, regardless of the reason for their dismissal.
In response, the Board argued that our decision remanded only those claims dismissed on
the basis of unavailability. The District Court agreed with the Board. The Board settled
the claims of those veterans who had failed to offer proof of their availability. The
District Court then granted summary judgment in the Board's favor. We now review that
decision to determine whether the remand applied (i) only to those veterans who were
dismissed on unavailability grounds or (ii) also to those veterans who passed the
incorrect and more onerous availability hurdle and had their claims heard at trial.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. 1291.

The veterans argue that on remand the District Court erred in granting the Board's
motion for summary judgment. They contend that when a case is remanded because of
an incorrect burden of proof, the remand merits a new trial for all claimants. See Price
Waterhouse v. Hopkins, 490 U.S. 228, 258 (1989). Such a proposition is, however,
limited in scope to the issues remanded. See 11 Charles Alan Wright, et al., Federal
Practice and Procedure, 2814, at 150 (2d ed. 1995) ("[I]f an error at trial requires a new
trial on one issue, but this issue is separate from the other issues in the case and the error
did not affect the determination of the other issues, the scope of the new trial may be
limited to the single issue.").

It is clear from the language of the remand that it affects only those claimants who
were previously found to be unavailable. Their availability was to be reexamined on
remand with the burden on the Board to show unavailability, rather than the burden on

the veterans to show availability.  The District Court, therefore, did not err in granting

summary judgment in favor of the Board.

For the above reasons, we will affirm the judgment of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.


By the Court,

/s/ Jane R. Roth
Circuit Judge